# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:18-cr-646-1 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| RONALD BLACK, | ) | |
| | ) | |
| DEFENDANT. | ) | |

On April 13, 2020, defendant Ronald Black ("Black") filed a *pro se* motion for an immediate release due to COVI-19. (Doc. No. 96.) On April 14, 2020, counsel filed, on behalf of Black, a motion pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) for immediate compassionate release due to COVID-19 circumstances. (Doc. No. 97.) Plaintiff United States of America (the "government") opposes the motions. (Doc. No. 99.) For the foregoing reasons, the motions for immediate compassionate release are denied without prejudice.

**I. BACKGROUND**

On November 9, 2018, Black was charged by indictment with one count of being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 2. (Doc. No. 1 [Indictment].) On March 26, 2019, pursuant to a plea agreement, Black entered a plea of guilty to the charge in the indictment. (3-26-2019 Minutes; Doc. No. 53 [R&R]; Doc. No. 63 [Order Adopting R&R and Accepting Guilty Plea]; and Doc. No. 64 [Plea Agreement].) On August 29, 2019, the Court sentenced Black to a term of imprisonment of 24 months, with credit for time served. (8-29-2019 Minutes; Doc. No. 89 [Judgement].) Black is currently serving his

sentence at FCI Elkton and has a projected release date of March 3, 2021. *See* https://www.bop.gov/inmateloc/ (last visited 4-17-2020).

In support of his request for a compassionate release, Black notes that the conditions at FCI Elkton are "dire" as at least three inmates have already died from COVID-19, and Governor Mike DeWine has authorized the National Guard to assist in addressing the health crisis developing there. (Doc. No. 98 at 637.) This is of special concern to Black because he maintains that "he has been diagnosed by the medical staff at FCI Elkton with high blood pressure and diabetes." (*Id*. at 636.) According to Black, he and his family "have developed tremendous anxiety over the fear of him contracting COVID-19." He maintains that he is "worried about his personal well-being and health of his family." (*Id*. at 637-38.) "Not being able to be with them during this pandemic[, Black insists,] is very stressful." (*Id*. at 638.)

The government argues that Black's motion should be denied because he has not exhausted his administrative remedies, and because Black has not made the requisite showing under 18 U.S.C. § 3582. (Doc. No. 99 at 652.) Black does not represent that he has exhausted his administrative remedies but suggests that the Court can waive this requirement. (Doc. No. 98 at 644.) He further concedes that prior to COVID-19, he did not present the extraordinary and compelling circumstances necessary for a compassionate relief, but he suggests that "COVID-19 . . . is a game-changer to the application of compassionate release statutes." (*Id.* at 643.)

## II. DISCUSSION

The sentencing court has no inherent authority to modify an otherwise valid sentence. *United States v. Washington,* 584 F.3d 693, 700 (6th Cir. 2009). Rather, the authority of the Court to resentence a defendant is limited by statute. *United States v. Houston,* 529 F.3d 743, 748–49 (6th Cir. 2008) (citing *United States v. Ross,* 245 F.3d 577, 858 (6th Cir. 2001)). Title 18

U.S.C. § 3582(c)(1)(A) provides that courts may "reduce [an inmate's] term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment)" where "extraordinary and compelling reasons warrant [release]," or the prisoner's age and other factors make release appropriate. 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018, only the Bureau of Prisons ("BOP") could move a district court under § 3582(c)(1)(A) for the compassionate release of a federal prisoner. On December 21, 2018, the First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow prisoners to directly petition courts for compassionate release. The amendment provides prisoners with two direct routes to court: (1) file a motion after fully exhausting administrative appeals of the BOP's decision not to file a motion for compassionate release, or (2) file a motion after "the lapse of 30 days from the receipt . . . of such a request" by the warden of the prisoner's facility. 18 U.S.C. § 3582(c)(1)(A). No exceptions to the exhaustion requirement are listed in the statute.

Black does not represent that he has exhausted all administrative rights to appeal the BOP's failure to bring a motion on his behalf, or that 30 days has passed since the warden of his facility received a request from him to file such a motion. While he suggests that he "may not have met the exhaustion requirement by the statute, he requests this Court waive the requirement under" the "dire and narrow circumstances" surrounding the pandemic and its impact on FCI Elkton. (Doc. No. 98 at 644.)

Courts are split on whether a district court may waive the exhaustion and 30-day requirement due to the exigent circumstances presented by COVID-19. *Compare United States v. Zukerman*, 16 Cr. 194 (AT), 2020 WL 1659880, at *3 (S.D.N.Y. Apr. 3, 2020) (waiving exhaustion requirement in light of COVID-19); *United States v. Colvin*, No. 3:19cr179 (JBA),

2020 WL 1613943, at *2 (D. Conn. Apr. 2, 2020) (same); with *United States v. Raia*, No. 20-1033, 2020 WL 1647922, at *2 (3rd Cir. Apr. 2, 2020) (finding exhaustion requirement in § 3582 mandatory); *United States v. Alam*, No. 15-20351, 2020 WL 1703881, at *2 (E.D. Mich. Apr. 8, 2020) (collecting cases finding that "a failure to satisfy 18 U.S.C. § 3582(c)(1)(A)'s filing requirements bars defendants from filing motions for compassionate release, and that the judiciary has no power to craft an exception to these requirements for defendants seeking release during the COVID-19 pandemic"); *see also United States v. Johnson*, No. RDB-14-0441, 2020 WL 1663360, at *2 (D. Md. Apr. 3, 2020) (holding that the "exhaustion requirements of § 3582(c)(1)(A) are jurisdictional in nature, and [the district] court may not expand its jurisdiction by waiving such requirements").

In *Raia*, the Third Circuit ruled that the fact that the petitioner did not wait the requisite 30-day period before seeking a compassionate release from the district "present[ed] a glaring roadblock foreclosing compassionate release[.]" *Raia*, 2020 WL 1647922, at *__. In so ruling, the court explained:

> We do not mean to minimize the risks that COVID-19 poses in the federal prison system, particularly for inmates like Raia [68 year old individual with diabetes and "heart issues"]. But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread. *See generally* Federal Bureau of Prisons, *COVID-19 Action Plan* (Mar. 13, 2020, 3:09 PM), https://www.bop.gov/resources/news/20200313_covid19.jsp. Given BOP's shared desire for a safe and healthy prison environment, we conclude that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance. And given the Attorney General's directive that BOP "prioritize the use of [its] various statutory authorities to grant home confinement for inmates seeking transfer in connection with the ongoing COVID-19 pandemic," we anticipate that the exhaustion requirement will be speedily dispatched in case like this one. Memorandum from Attorney Gen. to Dir., Bureau of Prisons 1 (Mar. 26, 2020), https://www.justice.gov/file/1262731/download. So we will deny Raia's motion.

*Id*.

The Court agrees with the reasoning and logic of the Third Circuit. In addition to a lack of any indication in the language of § 3582(c)(1)(A) that the exhaustion requirement is discretionary or may be waived, the exhaustion requirement serves the important purpose of allowing the BOP—an agency that is in a better position to understand an inmate's health and circumstances relative to the rest of the prison population and identify "extraordinary and compelling reasons" for release—the opportunity to address such requests in the first instance. Accordingly, the Court "will not read an exception into § 3582(c)(1) which does not exist[,] and Black's motion is denied for failure to exhaust his administrative remedies. *See Johnson*, 2020 WL 1663360, at *6 (denying inmate's motion for compassionate release for failure to exhaust administrative remedies).

Of course, even if Black could overcome this "glaring roadblock," Black has not even established that he is at a higher risk of contracting COVID-19. The medical information available to this Court does not include any evidence that Black suffers from high blood pressure or diabetes. (Doc. No. 76 [Final Presentence Investigation Report ("PSR")] at 499.) Although he now claims that he has been treated at FCI Elkton for high blood pressure and diabetes, he offers no proof, such as medical records, that would substantiate this claim. His motion, therefore, falls short of establishing a right to a compassionate release.[1] *See, e.g., United States v. Clark*, No. 3:13-cr-163-FDW-1, 2019 WL 1052020, at *3 (W.D.N.C. Mar. 5, 2019) (denying motion for compassionate release, in part, because inmate failed to provide medical records to substantiate

---

[1] In fact, Black's representations that he has received medical care during his incarceration underscore why waiving the exhaustion require is inappropriate. At this juncture, the BOP is in a better position than this Court to evaluate Black's current health and medical conditions which he contends began after he commenced serving his federal sentence.

medical claims).

Moreover, as the government notes, the BOP "begun immediately reviewing all inmates who have COVID-19 risk factors, as described by the CDC, starting with inmates incarcerated at . . . FCI Elkton . . . to determine which inmates are suitable for home confinement." Fed Bureau of Prisons, Home Confinement, www.bop.gov/resources/news/20200405_covid19_home_confinement.jsp, April 5, 2020 (last accessed April 16, 2020).[2] The BOP has instructed that "inmates do not need to apply to be considered for home confinement" under this directive, but "any inmate who believes they are eligible may request to be referred to Home Confinement and provide a release plan to their Case Manager." *Id*. The fact that the BOP has already begun to identify vulnerable inmates at FCI Elkton for release to home confinement represents further proof that, at this juncture, it is in the best position to quickly consider whether the relief Black now seeks is appropriate.[3]

---

[2] According to the BOP's website, the BOP has already increased home confinement by more than 40% since March 2020. *Id*. In fact, under § 12033(b)(2) of the Coronavirus Aid. Relief, and Economic Security Act ("CARES" Act), Pub. L. No. 116-136, enacted March 27, 2020, the Attorney General has the authority to "lengthen the maximum amount of time for which the Director [of the BOP] is authorized to place inmates in home confinement under 18 U.S.C. § 3624(c)(2) . . . ." As of April 17, 2020, the BOP has transferred 1,198 inmates to home confinement under this new authority. *See* http://www.bop.gov/coronavirus/index.jsp (last visited 4-20-2020).

[3] The government represents that, "[o]n April 15, 2020, BOP advised that [d]efendant likely would not be transferred to home confinement. This determination was based upon [d]efendant's criminal history, which includes offenses of violence, and his custody classification within BOP." (Doc. No. 99 at 651.) Notwithstanding this projection, the Court may not waive the exhaustion requirement. *See United States v. Fraizer*, No. 5:19CR274, Doc. No. 136 at 793 (noting that 18 U.S.C. § 3582(c)(1)(A) "is unambiguous," and that "[t]o obtain relief under § 3582(c)(1)(A), [d]efendant must either exhaust his administrative remedies or wait until 30 days have elapsed without a BOP determination."); *United States v. Hofmeister*, No. 5:16-13-KKC, 2020 WL 1811365, at *1 (E.D. Ky. Apr. 9, 2020) (The § 3582(c)(1)(A) "perquisites are jurisdiction . . . meaning that this Court has no power to grant relief on a motion for compassionate release unless the perquisites are met."). Whether they are jurisdiction or simply a mandatory requirement, Black must pursue these remedies first.

**III. CONCLUSION**

For the foregoing reasons, as well as the reasons in the government's brief opposing compassionate release, Black's motions for a compassionate release are denied without prejudice.

**IT IS SO ORDERED**.

Dated: April 21, 2020

　　　　　　　　　　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**